# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET

_____ County, Nevada

Case No. A-15-729233-C   Dept XV
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| RUSSELL STEWART | KCORP TECHNOLOGY SERVICES, INC. |
| | HOWARD ANASTASI |
| | CHRIS KLETT |
| | CHUCK QUINLAN |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Merielle R. Enriquez, Esq. | Unknown. |
| KRING & CHUNG, LLP | |
| 1050 Indigo Drive, Suite 200 | |
| Las Vegas, NV 89145-8870 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

12/18/2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
12/18/2015 04:08:33 PM

CLERK OF THE COURT

```
COMP
Merielle R. Enriquez, Bar No. 11116
menriquez@kringandchung.com
KRING & CHUNG, LLP
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145-8870
Telephone: (702) 260-9500
Facsimile: (702) 260-9434

Attorneys for Plaintiff
RUSSELL STEWART
```

# DISTRICT COURT

# CLARK COUNTY, NEVADA

RUSSELL STEWART, an individual,

    Plaintiff,

vs.

KCORP TECHNOLOGY SERVICES, INC., an Alaska corporation qualified to do business in Nevada; HOWARD ANASTASI, an individual; CHRIS KLETT, an individual; CHUCK QUINLAN, an individual; and DOES 1 through 25, inclusive,

    Defendants.

Case No. A-15-729233-C

Dept. No.: XV

Date of Hearing: n/a
Time of Hearing: n/a

**COMPLAINT FOR DAMAGES:**

1. DISABILITY DISCRIMINATION IN VIOLATION OF NRS 613.330;

2. FAILURE TO ACCOMMODATE DISABILITY;

3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;

4. WRONGFUL TERMINATION IN VIOLATION OF NEVADA PUBLIC POLICY;

5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND

6. FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS PURSUANT TO NRS 608.110

**DEMAND FOR JURY TRIAL**

///



F:\9300\0287\pld\Complaint.docx

Plaintiff RUSSELL STEWART alleges as follows:

## THE PARTIES

1. Plaintiff RUSSELL STEWART ("STEWART" or "Plaintiff") is, and at all times mentioned herein was, a resident of Clark County, in the State of Nevada, and was employed by Defendant KCORP TECHNOLOGY SERVICES, INC. ("KCORP" of "Defendant").

2. Defendant KCORP is, and at all times mentioned herein is an corporation organized and existing under the laws of the State of Alaska and is authorized to do business in Nevada under Nevada Business ID #NV20101899275, with its principal place of business in Clark County, in the State of Nevada, and the acts giving rise to this action occurred in said County and State.

3. HOWARD ANASTASI, an individual who upon information and belief resides in Fairbanks, Alaska, was the Director of Human Resources at the time that Plaintiff was employed by Defendant KCORP.

4. CHRIS KLETT, an individual, who upon information and belief resides in Las Vegas, located in Clark County, Nevada, was Plaintiff's supervisor at all times while employed by Defendant KCORP.

5. CHUCK QUINLAN, an individual, who upon information and belief resides in Fairbanks, Alaska, was the Chief Executive Officer at all times while employed by Defendant KCORP.

6. At all times mentioned in this Complaint, upon information and belief, Defendant KCORP employed more than one hundred persons and was an employer as defined by NRS 613.310 (2).

7. Plaintiff is unaware of the names and capacities of those defendants by the fictitious names of Does 1 through 25, inclusive. Plaintiff is informed and believes that each of the fictitiously named defendants is in some way responsible or liable for the matters set forth in this Complaint. Plaintiff sues Defendants DOES 1 to 25 by fictitious names. Plaintiff will amend this Complaint to assert the true names and capacities as they become known. Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, or severally.



F:\9300\0287\pld\Complaint.docx

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were acting as each other's principal, agents, alter-ego, servants, employer, employees and representatives and with the knowledge, consent, permission and ratification of the other Defendants and within the course, scope and authority of their agency, service, employment, and representation and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants, so as to be liable for the conduct of them. Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each Defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

9. Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in Clark County; because Defendants were licensed to do business in Clark County and do in fact do business in Clark County; because Plaintiff's employment was entered into in Clark County; because Plaintiff worked for Defendants in Clark County; because the damages sought exceed the jurisdictional minimum of this Court; and because the majority of the witnesses are located in and the events occurred in Clark County.

**GENERAL BACKGROUND FACTS**

10. Plaintiff was employed by Defendant KCORP as a Janitor at the Hoover Dam from January 25, 2014 to July 7, 2014.

11. At no time during the seven months that Plaintiff was employed by Defendant KCORP did he ever receive an itemized wage statement showing the respective deductions made from the total amount of his wages.

12. Plaintiff is a dynamic and passionate person, who despite being diagnosed with Asperger's/high functioning Autism since the age of twenty five, loves working and helping others and engaging in the same life activities as his peers.

13. Plaintiff performed exceptionally well at KCORP. More specifically, he was frequently praised by his supervisor, Defendant KLETT, that he was "one of the hardest working

3

1  employees that KCORP had."

2  14. On or about May 27, 2014, Plaintiff's grandfather died. Plaintiff was extremely
3  close with his grandfather. This was the first time Plaintiff had ever experienced the loss of a love
4  one. Plaintiff was supposed to be off work on May 27, 2014, but someone called in sick, so
5  Plaintiff covered for his fellow employee, despite being devastated about the loss of his grandfather
6  that day. Plaintiff was granted bereavement leave, from June 12, 2014 through June 15, 2014, to
7  attend services for his grandfather. Plaintiff was scheduled to return from leave on June 18, 2014.
8  Plaintiff returned as scheduled.

9  15. Despite having returned from bereavement leave, Plaintiff continued to physically
10 and emotionally mourn the loss of his grandfather. Plaintiff found himself slipping into depression
11 and felt increased anxiety and stress in dealing with the first significant death of a loved one. On
12 July 7, 2014, Plaintiff was scheduled for a routine visit with his psychologist, Dr. Jessica
13 Browning. Dr. Browning was concerned that Plaintiff was taking the death of his grandfather so
14 hard and suggested that he take a week off to focus on the grief process and deal with the increase
15 stress and depression he was suffering from. As such, on July 7, 2014, Dr. Browning faxed a
16 doctor's note placing Plaintiff on a short leave of absence from July 7, 2014 through July 16, 2014.
17 Plaintiff was typically off on Monday and Tuesday, so technically the leave of absence was a total
18 of six working days.

19 16. Dr. Browning also spoke with Plaintiff's direct supervisor, Defendant KLETT over
20 the phone regarding the short leave of absence. Plaintiff was also on the phone call. At the end of
21 the call, Defendant KLETT indicated to Plaintiff that he wanted Plaintiff to give him a call when
22 Plaintiff got home. Plaintiff and his mother, Lori Stewart, called KLETT as soon as Plaintiff got
23 home. Defendant KLETT informed Plaintiff and his mother over the phone that "I'm sorry, but my
24 boss (Defendant QUINLAN) said that I have to replace you. We don't have FMLA or sick time.
25 Please return your badge and dam keys." Defendant KLETT went on to say during the call, "I'm so
26 sorry Russell. Please don't hold this against me and Martina (Stewart's co-worker). I wish I had ten
27 Russell's, because you take such pride on being on time and doing your job." Plaintiff was
28 speechless and felt like he had been punched in the gut. After he and his mother hung up the



4

phone, they were both in shock. Plaintiff and his mother had no idea why asking for one week off to deal with stress and depression would lead to automatic termination, particularly because it was clear that Plaintiff was not being terminated for his job performance.

17. Plaintiff was emotionally devastated. His job at the Hoover Dam meant everything to him. On July 25, 2014, Plaintiff and his father, Verne Stewart went to the Bureau of Reclamation ("BOR"), the federal governmental entity that managers the Hoover Dam to speak with someone in charge of the contractor services. The BOR contracts with Defendant KCORP regarding employees. Plaintiff and his father were told that the employee they needed to speak with was not there that day, so Plaintiff left a note for this employee to call him. The BOR employee did call back and Plaintiff and his father told her what happened. The BOR employee indicated to Plaintiff that his termination sounded illegal and that he should file a claim with the Nevada Department of Employment, Training & Rehabilitation ("DETR").

18. Through family members, Plaintiff also continued to object to the termination through Defendant KCORP's Human Resources Manager, Defendant ANASTASI. After being yelled at by ANASTASI on numerous follow-up phone calls, ANASTASI threatened Plaintiff's family members that if Plaintiff did not drop his claim, Defendant KCORP would counter sue against Plaintiff for "interference with business."

19. On October 16, 2015, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission. Plaintiff exhausted his administrative remedies and timely filed the Complaint.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

(Violation of NRS 613.320 et. seq.)

(Against Defendant KCORP and Does 1-25)

20. Plaintiff hereby realleges and incorporates paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff was part of a protected class of employees, those with a disability, here Asperger's disease, that affected a major life activity.

5

22. In Nevada, employers may be held accountable for practices that discriminate against legally protected class, whether purposely discriminatory, as the case at bar, or merely having an unintended discriminatory effect. NRS 613.330 states in pertinent part, "Except as otherwise provided in NRS 613.350, it is an unlawful employment practice for an employer, (a) To fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, **disability** or national origin." (Emphasis added)

23. NRS 613.310 (1) defines "disability" to mean, "with respect to a person: (a) A physical or mental impairment that substantially limits one or more of the major life activities of the person, including, without limitation, the human immunodeficiency virus; (b) A record of such an impairment; or (c) Being regarded as having such an impairment."

24. During the course of his employment with Defendant KCORP, Plaintiff suffered from a serious health condition/disability that required ongoing treatment and limited major life activities. Prior to terminating Plaintiff, Defendant KCORP was aware that Plaintiff suffered from Asperger's disease, as both his supervisor Defendant KLETT and KLETT's supervisor Defendant QUINLAN, were fully aware that he suffered from Asperger's disease. Plaintiff's condition falls under the definition of "disability" under Nevada law. Such condition limited his physical and social activities and his ability to work and sleep for a period of time during his employment with Defendant KCORP.

25. Plaintiff was able to perform the essential job duties with reasonable accommodation for his disability, including, but not limited to a finite leave of absence, more specifically, six days off to address depression associated with Asperger's disease. At all times during his employment, Plaintiff was otherwise more than qualified to do his job.

26. Defendant KCORP took an adverse employment action against Plaintiff by terminating within hours after his request for reasonable accommodations.

27. Plaintiff's disability was the motivating reason for his termination.

28. As a direct and proximate result of Defendant KCORP's discriminatory actions

against him, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits and opportunities, severe emotional distress, humiliation, anxiety, embarrassment, anger, depression, stress, loss of sleep, and psychological trauma, the exact amount and/or extent of which will be proven at trial.

29. Defendant KCORP's decision to terminate Plaintiff was a substantial factor in causing Plaintiff's harm.

30. The aforementioned conduct of Defendant KCORP was willful and in conscious disregard of Plaintiff's rights, and constitutes oppression, fraud, or malice, justifying punitive and exemplary damages in an amount sufficient to punish Defendant KCORP.

## SECOND CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY

(Violations of the ADA set forth under 42 U.S.C. §§ 12101–12213.)

(Against Defendant KCORP and Does 1-25)

31. Plaintiff hereby realleges and incorporate paragraphs 1 through 30 as though fully set forth herein.

32. In addition to being "disabled" for purposes of Nevada's state laws against disability discrimination in the workplace, Plaintiff is also "disabled" for purposes of meeting the definition under the American with Disabilities Act ("ADA"). Under the ADA, a qualified individual with a disability is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff was able to perform the essential functions of his job as a Janitor. Had Defendant KCORP reasonably accommodated Plaintiff by granting the six days off that Plaintiff's doctor recommended, Plaintiff would likely still be working for Defendant.

33. Title I of the Americans with Disabilities Act of 1990 (the "ADA") requires an employer to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship. 42 U.S.C. § 12112(a), (b)(5)(A) (1994). "In general, an accommodation is any change in the work environment

7

or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. pt. 1630 app. § 1630.2(o) (1997).

34. There are three categories of "reasonable accommodations": "(i) modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or (ii) modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or (iii) modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(i-iii) (1997)

35. During his employment with Defendant KCORP, Plaintiff suffered from a disability, namely Asperger's disease, that limited his physical and social activities and his ability to work and sleep. Defendant KCORP knew that Plaintiff suffered from Asperger's disease, which limited his major life activity, as they were notified on July 7, 2014 by Plaintiff's doctor, Dr. Browning that Plaintiff suffered from Asperger's disease and subsequently provided Defendants with medical documentation about his disability. Thus, Defendant KCORP knew that Plaintiff had a disability that limited his major life activities.

36. As a reasonable accommodation for his disability, Plaintiff requested a finite leave of absence for a period of six days.

37. Plaintiff was able to perform the essential job duties with reasonable accommodation for his disability.

38. Defendant KCORP failed to provide reasonable accommodation for Plaintiff's disability, as required by law, by failing to grant his medical leave request and by terminating his employment because of his disability, which in turn considerably harmed Plaintiff emotionally, physically and financially. At the time of his termination, Plaintiff's supervisor specifically stated that Plaintiff's employment was being terminated because they could not accommodate his disability. Plaintiff, thus, is informed and believes and thereon alleges that Defendant KCORP

1  terminated Plaintiff's employment because he needed accommodation to work as a result of his
2  disability.

3  39.  As a direct and proximate result of Defendant KCORP's conduct, Plaintiff has
4  suffered and continues to suffer damages, in the form of lost wages and other employment benefits
5  and opportunities, severe emotional distress, humiliation, anxiety, embarrassment, anger,
6  depression, stress, loss of sleep, and psychological trauma, the exact amount and/or extent of which
7  will be proven at trial.

8  40.  Defendants' failure to provide reasonable accommodations was a substantial factor
9  in causing Plaintiff's harm.

10  41.  The aforementioned conduct of Defendants was willful and in conscious disregard
11  of Plaintiff's rights, and constitutes oppression, fraud, or malice, justifying punitive and exemplary
12  damages in an amount sufficient to punish Defendants.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
(Violations of the ADA set forth under 42 U.S.C. §§ 12101–12213)
(Against Defendant KCORP and Does 1-25)

17  42.  Plaintiff hereby realleges and incorporate paragraphs 1 through 41 as though fully
18  set forth herein.

19  43.  During his employment with Defendants, Plaintiff suffered from a disability, namely
20  Asperger's disease, that limited his physical and social activities and his ability to work and sleep.
21  Defendant KCORP knew that Plaintiff suffered from Asperger's disease, which limited his major
22  life activity, as they were notified on July 7, 2014 that Plaintiff suffered from Asperger's disease
23  and were subsequently provided with medical documentation about his disability.  Thus,
24  Defendants knew that Plaintiff had a disability that limited his major life activities.

25  44.  The ADA makes it an unlawful employment practice to fail to engage in a timely,
26  good faith, interactive process with an employee to determine effective reasonable
27  accommodations, if any, in response to a request for reasonable accommodation by an employee
28  with a known physical or mental disability or medical condition. 29 C.F.R. § 1630.2(o)(3) (1997);

9

29 C.F.R. pt. 1630 app. §§ 1630.2(o), 1630.9 (1997). The interactive process requires communication and good-faith exploration of possible accommodation between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively. For the process to work, both sides must communicate directly and exchange essential information. 29 C.F.R. pt. 1630 app. § 1630.9 (1997).

45. It is the employee's initial request for an accommodation or the employer's knowledge of the employee's disability, which triggers the employer's obligation to participate in the interactive process of determining reasonable accommodations. As a reasonable accommodation for his disability, Plaintiff requested a finite leave of absence for a period of six days. Defendant did not engage in the interactive process, rather immediately upon receiving the request for accommodation, terminated Plaintiff.

46. At all relevant times, Plaintiff was willing to participate in the interactive process to determine whether reasonable accommodations could be made so that he would be able to perform the essential job requirements. Defendant KCORP failed to engage in productive dialogue with Plaintiff to determine whether any other accommodations could be possible, such as a shorter leave or an alternative work schedule. Thus, Defendant KCORP failed to participate in a timely, good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

47. As a direct and proximate result of Defendant KCORP's failure to engage in a good-faith interactive process, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits and opportunities, severe emotional distress, humiliation, anxiety, embarrassment, anger, depression, stress, loss of sleep, and psychological trauma, the exact amount and/or extent of which will be proven at trial.

48. Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

49. The aforementioned conduct of Defendant KCORP was willful and in conscious disregard of Plaintiff's rights, and constitutes oppression, fraud, or malice, justifying punitive and exemplary damages in an amount sufficient to punish Defendants.

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendant KCORP and Does 1 -25)

50. Plaintiff hereby realleges and incorporate paragraphs 1 through 49 as though fully set forth herein.

51. Employment disability discrimination, denial of an accommodation for an employee's disability and retaliation are illegal and against public policy in the State of Nevada, including and the federal ADA.

52. NRS 613.330 states, "Except as otherwise provided in NRS 613.350, it is an unlawful employment practice for an employer, (a) To fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, gender identity or expression, age, **disability** or national origin." (Emphasis added). This policy inures to the benefit of the public as it protects Nevada employees from unlawful discharge based on a protected class, including a person with a disability.

53. During his employment with Defendant KCORP, Plaintiff suffered from a disability, namely Asperger's disease, that limited his physical and social activities and his ability to work and sleep. Defendant KCORP knew that Plaintiff suffered from Asperger's disease, which limited his major life activity.

54. In engaging in the conduct set forth above, Defendant KCORP illegally and wrongfully terminated Plaintiff's employment. These acts by Defendant KCORP were in violation of the public policy of the State of Nevada as set forth above and in violation of federal laws, including the ADA.

55. As a direct and proximate result of Defendant KCORP's wrongful termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits and opportunities, severe emotional distress, humiliation, anxiety, embarrassment, anger, depression, stress, loss of sleep, and psychological trauma, the exact amount and/or extent of which will be proven at trial.



11

F:\9300\0287\pld\Complaint.docx

56. The aforementioned conduct of Defendant KCORP was willful and in conscious disregard of Plaintiff's rights, and constitutes oppression, fraud, or malice, justifying punitive and exemplary damages in an amount sufficient to punish Defendants.

### FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against all Defendants and DOES 1-25)

57. Plaintiff hereby realleges and incorporate paragraphs 1 through 56 as though fully set forth herein.

58. Defendant KCORP's conduct, including the ratification of the actions of the agents and supervisors of Defendant KCORP, namely supervisor KLETT, human resources Manager ANASTASI, and owner Defendant QUINLAN, as described above was extreme, outrageous, and malicious, and intentionally done for the purpose of causing Plaintiff to suffer mental anguish and emotional and physical distress, including humiliation, depression, powerlessness, and anxiety, or Defendant KCORP acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

59. As a proximate result of all of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional and physical distress, including humiliation, depression, powerlessness, and anxiety.

60. The aforementioned conduct of Defendants was willful and in conscious disregard of Plaintiff's rights, and constitutes oppression, fraud, or malice, justifying punitive and exemplary damages in an amount sufficient to punish Defendants.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS PURSUANT TO NRS 608.110

(Against Defendant KCORP DOES 1-25)

61. Plaintiff hereby realleges and incorporate paragraphs 1 through 60 as though fully set forth herein.

62. At no time during his employment did Plaintiff ever received an itemized wage



12

1  statement setting forth the amount of pay, withholdings, or any other required information.
2  Defendant KCORP's failure to provide Plaintiff's wage statements is violation of Nevada State
3  Law.
4       63.    Plaintiff was harmed in amount to be proven at trial for not receiving this required
5  information.
6       WHEREFORE, Plaintiff prays for judgment against Defendants as follows:
7       1.    For general and compensatory damages in accordance with proof;
8       2.    For punitive damages in accordance with proof;
9       3.    For costs of suit, including attorney's fees; and
10      4.    For such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 18, 2015                KRING & CHUNG, LLP

                                        By: _____
                                        Merielle R. Enriquez
                                        Nevada State Bar No. 11116
                                        Attorneys for Plaintiff
                                        RUSSELL STEWART



F:\9300\0287\pld\Complaint.docx

Electronically Filed
12/22/2015 10:37:51 AM

*[signature]*

CLERK OF THE COURT

1  IAFD
   Merielle R. Enriquez, Bar No. 11116
2  menriquez@kringandchung.com
   KRING & CHUNG, LLP
3  1050 Indigo Drive, Suite 200
   Las Vegas, NV 89145-8870
4  Telephone: (702) 260-9500
   Facsimile: (702) 260-9434
5
   Attorneys for Plaintiff
6  RUSSELL STEWART

7

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RUSSELL STEWART, an individual, | Case No. A-15-729233-C |
| Plaintiff, | Dept. No.: XV |
| vs. | Date of Hearing: n/a |
| KCORP TECHNOLOGY SERVICES, INC., an Alaska corporation qualified to do business in Nevada; HOWARD ANASTASI, an individual; CHRIS KLETT, an individual; CHUCK QUINLAN, an individual; and DOES 1 through 25, inclusive, | Time of Hearing: n/a  **INITIAL APPEARANCE FEE DISCLOSURE** |
| Defendants. | |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

| New Complaint Fee | 1st Appearance Fee |
|---|---|
| ☐ $1530 ☐ $520 ☐ $299 ☒ $270.00 | ☐ $1483.00 ☐ $473.00 ☐ $223.00 |

Name: RUSSELL STEWART                $270.00

TOTAL REMITTED: (Required)          Total Paid        $ 270.00

Dated: December 18, 2015            KRING & CHUNG, LLP

                                    By: *[signature]*
                                    Merielle R. Enriquez
                                    Nevada State Bar No. 11116
                                    Attorneys for Plaintiff
                                    RUSSELL STEWART



F:\9300\0287\pld\IAFD.docx

Electronically Filed
01/12/2016 04:28:35 PM

*signature*

**CLERK OF THE COURT**

PSER
KRING & CHUNG, LLP
1050 INDIGO Dr. * Ste. #200-B
LAS VEGAS, NV  89145
702-260-9500
*Attorney for:*   Plaintiff

## DISTRICT COURT
## CLARK COUNTY NEVADA

| | |
|---|---|
| RUSSELL STEWART, AN INDIVIDUAL<br><br>*Plaintiff*<br><br>KCORP TECHNOLOGY SERVICES, INC., AN ALASKA CORPORATION QUALIFIED TO DO BUSINESS IN NEVADA, ET AL.<br><br>*Defendant* | Case Number: **A-15-729233-C**<br><br>Dept/Div:     **XV**<br><br>**PROOF OF SERVICE** |

KEVIN R. SMITH, being duly sworn deposes and says: that at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the state of Nevada under license #389, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received on Thursday December 31 2015; 1 copy(ies) of the:

**SUMMONS; COMPLAINT; CIVIL COVER SHEET**

**I served the same on Monday January 04 2016 at 09:06AM by:**

**Serving Defendant KCORP TECHNOLOGY SERVICES, INC., AN ALASKA CORPORATION QUALIFIED TO DO BUSINESS IN NEVADA, BY SERVING INCORP SERVICES, INC., REGISTERED AGENT**

by serving: MELANIE GALERO, PROCESS AGENT ON BEHALF OF INCORP SERVICES, INC., REGISTERED AGENT PURSUANT TO NRS 14.020 SUBSECTION 6(B), AS A PERSON OF SUITABLE AGE AND DISCRETION AT THE ADDRESS BELOW, WHICH ADDRESS IS THE MOST RECENT ACTUAL PHYSICAL LOCATION IN THIS STATE AT WHICH THE REGISTERED AGENT IS AVAILABLE FOR SERVICE OF PROCESS, AS SHOWN ON THE CURRENT CERTIFICATE OF DESIGNATION FILED WITH THE SECRETARY OF STATE    at the Defendant's Business located at 2360 CORPORATE CIR, STE 400, HENDERSON, NV  89074.

Pursuant to NRS 53.045, I declare under the penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.
Executed: Tuesday January 05 2016

*signature*

Affiant: KEVIN R. SMITH #R-038414
LEGAL WINGS, INC. - NV LIC #389
1118 FREMONT STREET
Las Vegas, NV  89101
(702) 384-0305, FAX (702) 384-8638

Electronically Filed
01/12/2016 04:29:00 PM

*[Clerk's signature]*

**CLERK OF THE COURT**

1  SUMM
   Merielle R. Enriquez, Bar No. 11116
2  menriquez@kringandchung.com
   KRING & CHUNG, LLP
3  1050 Indigo Drive, Suite 200
   Las Vegas, NV 89145-8870
4  Telephone: (702) 260-9500
   Facsimile: (702) 260-9434
5
   Attorneys for Plaintiff
6  RUSSELL STEWART

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RUSSELL STEWART, an individual, | Case No. A-15-729233-C |
| Plaintiff, | Dept. No.: XV |
| vs. | Date of Hearing: n/a |
| KCORP TECHNOLOGY SERVICES, INC., an Alaska corporation qualified to do business in Nevada; HOWARD ANASTASI, an individual; CHRIS KLETT, an individual; CHUCK QUINLAN, an individual; and DOES 1 through 25, inclusive, | Time of Hearing: n/a |
| | **SUMMONS** |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT KCORP TECHNOLOGY SERVICES, INC.:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

|   |   |   |
|---|---|---|
| 1 | | (b) Serve a copy of your response upon the attorney whose name and address is shown below. |
| 3 | 2. | Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint. |
| 7 | 3. | If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. |
| 9 | 4. | The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint. |

Submitted by:

KRING & CHUNG, LLP

_____
Robert P. Mougin
Nevada State Bar No. 7104
Merielle R. Enriquez
Nevada State Bar No. 11116
1050 Indigo Drive, Suite 200
Las Vegas, NV  89145
T: 702-260-9500; F: 702-260-9434

STEVEN D. GRIERSON
CLERK OF THE COURT

By: _____
Deputy Clerk                                    Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

DEC 23 2015



2